7 So.2d 290

### FIDELITY & GUARANTY FIRE CORPORATION, BALTIMORE, v. SILVER FLEET MOTOR EXPRESS, Inc.

8 Div. 166.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 16, 1942.

BOULDIN, Justice.

This appeal presents for review the sufficiency of special pleas of res adjudicata. Demurrers thereto were overruled. Plaintiff, declining to plead further, took a non-suit, and appeals.

The case made by the pleadings is briefly this:

A motor truck and also the cargo being transported thereon were destroyed or injured in a collision with another motor truck on the highway. The owner of the injured truck also owned the cargo. He carried insurance covering such loss upon the cargo, but not covering loss upon the truck. The insurer adjusted and paid the loss upon the cargo. The owner executed a receipt to the insurer subrogating the latter to any claim against a third person liable in tort for the loss of the cargo. Thereupon, two actions were brought against the owner of the colliding truck; one by the owner to recover the loss upon his truck, and the other by the insurer for the loss upon the cargo. Both actions were based on the alleged negligence of the driver of the colliding truck for which the owner was liable under the doctrine of respondeat superior.

The suit by the owner for the loss of the truck proceeded to judgment for the plaintiff, which judgment was paid.

Thereupon, the defendant filed special pleas of res adjudicata in the instant case, the still pending suit by the insurer for the loss of the cargo. The pleas proceed on the theory that there was but one cause of action for damages to the whole property in the one tortious act, that this cause of action was in the owner of both truck and cargo, that there was a splitting of the cause of action, and no recovery can now be had by the insurer for loss of the cargo claiming by subrogation.

Under the long settled law of this state, as elsewhere an insurer carry-

Mack Killcrease, of Albertville, and Malone & Malone, of Athens, for appellant.

Chas. H. Eyster, of Decatur, for appellee.

ing the risk of loss from the tortious act of a third person, is upon payment of such loss, subrogated to the cause of action of the insured, and may sue in the insurer's own name, or in the name of the insured for the use of the insurer. The insurer is the real party in interest; and suit brought in his own name, omitting the name of the nominal plaintiff, is subject to amendment in that regard, and objection to proceeding in his own name must be specially raised. Southern Railway Co. v. Stonewall Ins. Co., 163 Ala. 616, 50 So. 940; Long v. Kansas City, Memphis & Birmingham Railroad Co., 170 Ala. 635, 642, 54 So. 62; Birmingham Railway, Light & Power Co. v. Aetna Accident & Liability Co., 184 Ala. 601, 64 So. 44; Coffman v. Louisville & Nashville R. Co., 184 Ala. 474, 63 So. 527; Wyker v. Texas Co., 201 Ala. 585, 79 So. 7, L.R.A.1918F, 142; Am.Juris. 999, §§ 1335, 1336; Annotation 96 A.L.R. 872.

As pointed out in the above annotation the case of Coffman v. Louisville & Nashville R. Co., supra, held the insurer, having paid a partial loss, could sue for the whole loss, paying over to the insured any excess over the sum paid by the insurer. As pointed out in Wyker v. Texas Co., supra, the Coffman case also sustained an action for the whole loss by the insured, the question of division between the insured and insurer being of no concern to the tort-feasor.

Without here debating the logical soundness of all our holdings, it is sufficient to say they all deal with cases wherein the insurance covered all the property of common owner injured by the same tortious act. Emphasis is placed on the concept that as to the tort-feasor the insurer and the insured are one. The emphasis is equally strong that by reason of the relation of insurer and insured at the time of the tortious act, the obligation of the insurer is fixed by the tortious act causing the loss, and, on meeting the obligation to the insured, the insurer is subrogated to the right of action. This was the situation as to the cargo in this case. It was not the situation as to the truck, not covered by the insurance. This loss was the loss of the owner solely.

The vital question is: Was there only one cause of action here, so that when the owner sued for his own loss on the truck, he split his cause of action, so that the judgment therein was conclusive against the insurer on a claim in which the insured had no beneficial interest? There is a distinct difference in principle between an action brought by the real party in interest, the party who has suffered the loss, and entitled to the recovery, and a suit by a nominal party to recover losses in which he has no interest. The real party may, as of right, use the name of the nominal party, in certain events. But the conduct of the suit is in the hands of the real party. Must the real party depend upon a nominal party to protect his interest? Must a nominal party assume the responsibility of protecting the interests of the real party?

Aside from public wrongs, an act is not wrongful because of injury to things, it is wrongful because hurtful to another, and becomes an actionable tort because it has done injury to the personal or property right of another. Potentially, the insurer had an interest in the cargo, as against a tort-feasor, when the injury occurred. Basically every one should have his day in court in fact, not merely by a nominal party not interested in protecting his interest.

On such reasoning, we conclude the doctrine of splitting a cause of action is not applicable here. If the cargo had belonged to a third person, no one would question his right to sue separately, notwithstanding a multiplicity of suits involving the same evidence touching the circumstances of the collision.

The case of Underwriters at Lloyd's Ins. Co. v. Vicksburg Traction Co., 106 Miss. 244, 63 So. 455, 456, 51 L.R.A.,N.S., 319, is directly in point. In that case personal injuries and injuries to property resulted from the same negligent act. The insurance carrier paid the property loss, and sued by right of subrogation. The owner sued separately for his personal injuries. Held "There were then two distinct causes of action, two separate rights to recover, in two different persons." The same principle was applied in Underwood v. Dooley, 197 N.C. 100, 147 S.E. 686, 690, 64 A.L.R. 656. See also, 1 Am. Jur. 485, § 102; 29 Am.Jur. 1013, § 1355.

We do not construe the complaint to claim any sum for loss of cargo in excess of the amount paid by the insurer. Neither suit covers any such demand. Whether there was any such excess is not an issue.

The pleas were subject to the demurrers.

Reversed and remanded.

GARDNER, C. J., FOSTER, and LIVINGSTON, JJ., concur.