WILLIAMS, GENE, Associate Judge.
Plaintiff Edelman and defendant Cohen were involved in an automobile accident, resulting in personal injuries and property damage to the plaintiff. Plaintiff was paid by his collision insurance carrier, Mid-States Ins. Co., for property damage to his automobile and, in return, executed; a subrogation receipt and proof of losa which was receivd by the insurance com *684 pany. Plaintiff filed suit against defendant for his personal injuries sustained in the accident, and a verdict and judgment was returned in his favor on the personal injury claim. Thereafter, the instant case was filed against the defendant in the name of the plaintiff, for the use and (benefit of Mid-States, Ins. Co., for the property damage. Plaintiff moved for summary judgment. The trial court issued its order denying the motion for summary judgment and in the same order, by the court’s own motion, dismissed the complaint on the grounds that plaintiff had violated the rule against splitting causes of action. It is from that order that plaintiff appeals. Plaintiff also seeks alternatively review of his ore tenus motion to amend his complaint to substitute the name of his insurer as party-plaintiff. We will confine our opinion to that portion of the order which dismissed the complaint.
Appellant contends that the circumstances of this case remove it from the general rule against splitting causes of action, and that the trial court erred in dismissing the complaint with prejudice on such grounds.
Appellee contends that plaintiff, by moving for summary judgment on the issue of liability as res judicata, identified himself as the same plaintiff as in the previous personal injury action, and violated the rule against splitting causes of action, even though his motion for summary judgment was denied.
The general rule in Florida is that only one cause of action arises out of a single tort committed on an individual, even though that tort results in damages to' both the person and his physical property. Mims v. Reid, Fla.1957, 98 So.2d 498, for the reason that litigation should have an end and no person should be unnecessarily harassed with a multiplicity of suits. However, exceptions to this rule have been recognized where such holding would defeat the ends of justice for the sake only of convenience to a putative wrongdoer. Rosenthal v. Scott, Fla.1961, 150 So.2d 433. The opinion in the latter case comprehensively discusses the reasons for the general rule and its exceptions, and differentiates the circumstances of that case to those in the case of Mims v. Reid, supra. In our opinion, the facts in the instant case fall squarely within the exception set forth in the case of Rosenthal v. Scott, supra, and that the trial court erred in dismissing the complaint.
Accordingly, the order dismissing the complaint is reversed and remanded for further proceedings not inconsistent herewith.
Reversed and remanded.