PHILLIP STEPHAN for the use of HOME INSURANCE COMPANY, Plaintiff-Appellant, *v.* YELLOW CAB COMPANY, Defendant-Appellee.

(No. 60877; ▮▮▮▮▮▮▮)

First District (1st Division)—July 7, 1975.

*Rehearing denied September 10, 1975.*

Edwin M. Berman, of Berman and Newman, of Chicago, for appellant.

Jesmer and Harris, of Chicago (Julius Jesmer and Charles E. Tannen, of counsel), for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

Phillip Stephan was involved in an automobile collision with a Yellow Cab being driven by Albert Weatherspoon on April 25, 1969. At the time, Stephan was insured with Home Insurance Company (Home); and on May 19, 1969, Home paid $2303.40 for the repair of the automobile.

On February 20, 1970, this suit for property damage was filed under the provisions of section 22(3) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 22(3)) by Home as subrogee of Phillip Stephan against Yellow Cab Company (Yellow Cab). In April, 1970, the defendant filed an appearance and answer. On November 8, 1972, this suit was consolidated with a case entitled Weatherspoon v. Stephan, but on April 19, 1974, was severed from Weatherspoon v. Stephan, and returned to the municipal division for trial. On August 15, 1974, this case was called for trial, both parties answered ready, and a jury was called. The attorney for Yellow Cab then made an oral motion to dismiss claiming a previous adjudication. After the jury was selected, the defendant filed a written motion; and on August 20, 1974, a judgment order was entered dismissing this suit on the ground that a previous suit was an adjudication on the merits and a bar to the plaintiff maintaining this case.

The previous case, upon which the order here is based, was a complaint filed on April 21, 1971, by Phillip Stephan against Yellow Cab seeking a judgment for personal injuries in the same accident involved in this suit for property damage. In the previous case Yellow Cab was served and appeared and answered.

The defendant argues that the previous suit was dismissed for failure of the subrogor, Stephan, to appear for a deposition and that as such was an adjudication on the merits as provided in Supreme Court Rule 273 (Ill. Rev. Stat. 1973, ch. 110A, par. 273). The plaintiff apparently concedes that a dismissal for failure to comply with orders relating to discovery operates as an adjudication on the merits (*Heizman v. City of Chicago*, 23 Ill.App.3d 835, 320 N.E.2d 121); but the plaintiff argues that the defendant did not maintain its burden of establishing the defense of *res judicata*; that the parties and the subject matter of the two suits are not the same; and that the defendant waived its right to plead *res judicata* by waiting 2 years and 8 months after the dismissal before filing its motion.

■■ Generally, a former judgment is not a bar to a subsequent action between the same parties if the subject matter involved in the two actions is not identical. Identity of the subject matter is not alone a sufficient test; the true requirement is that the causes of action be the

same. (23 I.L.P. *Judgments* § 343 (1956).) The case of *Clancey v. Mc-Bride*, 338 Ill. 35, 169 N.E. 729, is clearly in point. In that case, the plaintiff sued for property damage to her automobile before a justice of the peace, and a judgment, which the defendant later satisfied, was entered in her favor. Later, she filed suit in the superior court of Cook County for personal injuries and received a jury award. The appellate court reversed the judgment, holding that since a single tortious act caused both the damage to the plaintiff's automobile and the injuries to her person, she could maintain only one suit for the damages which ensued and that the judgment rendered by the justice of the peace for the property damage constituted a bar to the personal injury action (251 Ill.App. 157). The supreme court reversed the appellate court, stating (338 Ill. 35, 38-41):

> "A single negligent act from which personal injury and property damage ensue simultaneously, does not necessarily make its consequences inseparable or result in a single grievance. If two persons are injured by the same tortious act, two grievances result and two actions are maintainable. Likewise, if the same negligent act causes injury to a person and damage to the property of another in his custody, two causes of action arise,—one in favor of the person injured and the other to the owner of the damaged property. On the other hand, if a horse and vehicle owned by the same person are damaged by the wrongful act of another, the owner will have a single cause of action for the damage to both. If, however, as the result of such an act, the owner is injured and his vehicle is damaged, two separate and distinct wrongs are inflicted upon him for two of his rights, first, the right to the uninterrupted enjoyment of his body and limbs, and second, the right to have his property kept free from damage, are invaded. While both wrongs result from a single tortious act, yet the consequences of that act, it seems, give rise to a distinct cause of action for the vindication of each of the violated rights.

> Lord Justice Bowen, in *Brunsden v. Humphrey, supra,* observed that 'it certainly would appear unsatisfactory to hold that the damage done in a carriage accident to a man's portmanteau was the same injury as the damage done to his spine.' * * *

> The differences in the rules governing assignability and subrogation, in the methods of enforcement, in the evidence required to sustain, in the distribution of the proceeds, and in the periods of limitation, above stated, militate against the doctrine that out of a single wrongful act only one cause of action to redress injury

to the person and damage to property can arise. * * * The recovery of a judgment, however, for the damage to property is not a bar to a subsequent action to recover damages for injuries to the person. [Citations.]"

*Clancey* was followed in *Periard v. Nelson*, 14 Ill.App.2d 566, 569, 145 N.E.2d 172, and cited with approval in *Saunders v. Schultz*, 22 Ill.App.2d 402, 161 N.E.2d 129. See also Comment, *Splitting a Cause of Action— Res Adjudicata*, 25 Ill. Law Rev. 219 (1930).

In *Lange v. Coca-Cola Bottling Co.*, 44 Ill.2d 73, 254 N.E.2d 467, there was a collision between Lange and a truck driven by an employee of Coca-Cola, which sued Lange in the municipal court of Chicago for property damage. Lange sued Coca-Cola for personal injuries in the circuit court of Cook County. Judgment was entered in favor of Lange in the property damage suit and the appellate court affirmed. Lange then moved for summary judgment in his favor on the issue of liability in his personal injury suit on the ground that the prior judgment in the municipal court determined that issue against Coca-Cola. That motion was granted and the trial proceeded on the issue of damages only. The supreme court reversed the order granting summary judgment, stating (44 Ill.2d 73, 75-76):

"The judgment of the municipal court of Chicago was a general judgment for the defendant. It contained no specific findings. It could have resulted from a factual determination that neither party was negligent, that both were negligent, or that only Coca-Cola was negligent. The latter determination would have supported a summary judgment holding Coca-Cola liable in the present action, but in the absence of specific findings it is impossible to say that this was the determination that was made. It was therefore error to enter the summary judgment."

In this case, although the order of dismissal acts as an adjudication on the merits, the order surely can be accorded no greater weight than a general jury verdict. And if a jury had returned a general verdict in favor of Yellow Cab in the previous case, it could have been based on the fact that the plaintiff, although proving the defendant's negligence and the absence of contributory negligence, failed to prove that he had been injured. See *Jeffrey v. Chicago Transit Authority*, 37 Ill.App.2d 327, 185 N.E.2d 384.

■■ For these reasons, we judge that the two suits involved were for separate and distinct causes of action; that a general adjudication of one had no bearing on the other; and that the suit for property damage should not have been dismissed. In view of our position on this point

it is unnecessary to consider the other arguments of the plaintiff. The judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

Judgment reversed and cause remanded with directions.

BURKE, P. J., and GOLDBERG, J., concur.