NO. 5-97-0476

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

MARLON MASON,                      )  Appeal from the

                                   )  Circuit Court of

     Plaintiff-Appellee,           )  Madison County.

                                   )

v.                                 )  No. 96-L-688

                                   )

WILLIAM PARKER,                    )  Honorable

                                   )  Phillip J. Kardis,

     Defendant-Appellant.          )  Judge, presiding.

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

This is an interlocutory appeal from an order of the trial court denying the defendant's motion to dismiss.

The facts are as follows.  Marlon Mason and William Parker were involved in a motor vehicle accident on January 2, 1996, in Madison County.  Mason claims that Parker failed to keep his vehicle within its proper lane of traffic, resulting in property damage to Mason's vehicle and personal injury to Mason.  

On February 5, 1996, Mason filed an action against Parker in St. Clair County, where Parker resides, seeking a judgment for property damage only.  On September 26, 1996, judgment for property damage was awarded to Mason.  On October 23, 1996, Mason filed a lawsuit against Parker in Madison County for personal injuries arising out of the January 2, 1996, motor vehicle accident.  On November 26, 1996, Parker filed a motion to dismiss the Madison County action on the ground that it was barred by 
res judicata
.  On March 20, 1997, the trial court, relying on 
Clancey v. McBride
, 338 Ill. 35, 169 N.E. 729 (1929), denied Parker's motion to dismiss.  Parker filed a motion for interlocutory appeal by permission, which was granted.

The issue certified for review raises the question whether Illinois law permits a claim to be split into separate actions for personal injury and property damage.

The doctrine of 
res judicata
 provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.  
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 334, 665 N.E.2d 1199, 1204 (1996).  This doctrine extends not only to the issues actually decided in the original action but also to those which could have been decided.  
Rein
, 172 Ill. 2d at 334-35, 665 N.E.2d at 1204.  A cause of action is defined by the facts that give a plaintiff a right to relief.  
Rein
, 172 Ill. 2d at 338, 665 N.E.2d at 1206.

In the present case, the facts which gave Mason a right to relief are that he and Parker were operating motor vehicles on January 2, 1996, in Madison County and that they were involved in a collision.  This was the set of facts alleged both in the complaint filed in February of 1996 in St. Clair County and the complaint filed in October of 1996 in Madison County.  The two complaints vary only as to the damage done and the recovery sought.

There are three elements necessary to invoke the doctrine of 
res judicata
:  (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of the cause of action, and (3) an identity of the parties or their privies.  
Rein
, 172 Ill. 2d at 335, 665 N.E.2d at 1204, citing 
Downing v. Chicago Transit Authority
, 162 Ill. 2d 70, 73-74, 642 N.E.2d 456 (1994).  "If the three elements necessary to invoke 
res judicata
 are present, 
res judicata
 will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit."  
Rein
, 172 Ill. 2d at 338, 665 N.E.2d at 1205-06, citing 
Torcasso v. Standard Outdoor Sales, Inc.
, 157 Ill. 2d 484, 490, 626 N.E.2d 225 (1993).

The St. Clair County circuit court was a court of competent jurisdiction, capable of rendering a final judgment on the merits in the original lawsuit filed by Mason.  Both the parties and the cause of action were the same.  Therefore, all three elements required for 
res judicata
 to apply are present.  It is of no consequence that Mason did not seek to recover his personal injury damages in the first action.  As stated above, 
res judicata
 will bar every matter that could have been raised and determined in the first lawsuit.

Mason and the trial court rely on a 1929 Illinois Supreme Court case to support Mason's position that he is allowed to file separate actions for property damage and personal injury.  See 
Clancey v. McBride
, 338 Ill. 35, 169 N.E. 729 (1929).  Mason asserts that property damage can be quickly ascertained in most cases, but additional time is needed to discover the full magnitude of personal injuries suffered in an accident.  He further asserts that to require both actions to be brought together for the sake of judicial economy sacrifices the rights of the plaintiff.  We disagree.

"[A]n entire claim arising from a single tort cannot be divided and be the subject of several actions regardless of whether or not the party suing has recovered all he might have recovered.  This is true even as to prospective damages, as *** there cannot be successive actions brought for a single tort as damages in the future are suffered[,] but the one action must embrace prospective as well as accrued damages."  
Radosta v. Chrysler Corp.
, 110 Ill. App. 3d 1066, 1068-69, 443 N.E.2d 670, 672 (1982), citing 
Melohn v. Ganley
, 344 Ill. App. 316, 100 N.E.2d 780 (1951); see 
Lake E. & W. Ry. Co. v. Purcell
, 75 Ill. App. 573 (1898).  In 
Clancey
, the case relied on by Mason, the court held that a judgment for property damage does not bar a later suit for personal injury.  
Clancey
, 338 Ill. at 40, 169 N.E.2d at 731.  Although not expressly overruled by the Illinois Supreme Court, 
Clancey
 has been overruled by implication.  See 
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 665 N.E.2d 1199 (1996); 
Torcasso v. Standard Outdoor Sales
, 157 Ill. 2d  484, 626 N.E.2d 225 (1993).  To recognize the holding in 
Clancey
 would be to allow claim-splitting, leaving the courtroom doors open to a possibility of never-ending legal battles between the same parties based upon the same set of facts.  Litigation should have an end.  No person should be harassed with a multiplicity of lawsuits arising out of one cause of action.  
Radosta v. Chrysler Motors Corp.
, 110 Ill. App. 3d 1066, 1069, 443 N.E.2d 670, 672 (1982).

For the foregoing reasons, the order of the circuit court of Madison County denying Parker's motion to dismiss is reversed, and pursuant to our authority under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), the motion to dismiss is allowed.  This cause is dismissed with prejudice.

Judgment reversed; cause dismissed.

WELCH, P.J., concurs.

JUSTICE CHAPMAN, dissenting:

Although I agree that the doctrine of 
res judicata
 is alive and well in Illinois (see 
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 665 N.E.2d 1199 (1996)), the majority errs in incidentally dismissing this case as one involving an identity of causes of action.  
Clancey v. McBride
, 338 Ill. 35, 169 N.E. 729 (1929), is still the law, and the majority errs in concluding that 
Rein
 overruled 
Clancey
 by implication.  

Rein
 dealt with alleged fraudulent misrepresentation in the sale of securities.  The 
Rein
 court was concerned with the 
res judicata
 effect of allowing a recession claim to proceed even though common-law fraud, breach of fiduciary duty, and failure to register securities counts had been dismissed.  Given the facts there, it was easy to determine that there was:  (1) a final judgment on the merits, (2) an identity of parties, and (3) an identity of the cause of action.  In the case at bar, an auto accident case where both personal injuries and property damages were sustained, the supreme court has held that there is not an identity of the cause of action.  

As explained in 
Clancey
:

"If two persons are injured by the same tortious act, two grievances result and two actions are maintainable.  Likewise, if the same negligent act causes injury to a person and damage to the property of another in his custody, two causes of action arise--one in favor of the person injured and the other to the owner of the damaged property.  On the other hand, if a horse and vehicle owned by the same person are damaged by the wrongful act of another, the owner will have a single cause of action for the damage to both.  If, however, as the result of such an act, the owner is injured and his vehicle is damaged, two separate and distinct wrongs are inflicted upon him for two of his rights, first, the right to the uninterrupted enjoyment of his body and limbs, and second, the right to have his property kept free from damage, are invaded.  While both wrongs result from a single tortious act, yet the consequences of that act, it seems, give rise to a distinct cause of action for the vindication of each of the violated rights."  
Clancey
, 338 Ill. at 38-39, 169 N.E. at 730.  

Clancey
 has been followed by several appellate court cases.  See 
Stephen v. Yellow Cab Co.
, 30 Ill. App. 3d 996, 333 N.E.2d 223 (1975); 
Saunders v. Schultz
, 22 Ill. App. 2d 402, 161 N.E.2d 129 (1959), 
aff'd on other grounds
, 20 Ill. 2d 301, 170 N.E.2d 163 (1960).  I do not agree that 
Rein
 overrules 
Clancey
.  We should allow the supreme court to address this issue.  Given the supreme court's holding in 
Clancey
, I would affirm the trial court in this case.