# Illinois Official Reports

## Appellate Court

---

### *Gadson v. Among Friends Adult Day Care, Inc.*, 2015 IL App (1st) 141967

---

| | |
|---|---|
| Appellate Court Caption | ROBERT GADSON, Plaintiff-Appellant, v. AMONG FRIENDS ADULT DAY CARE, INC., JOHN G. KLIMEK and NICOLE M. PETERS, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-14-1967 |
| Filed | August 13, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-1840; the Hon. John H. Ehrlich, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Ronald J. Scaletta, of Law Offices of Ronald J. Scaletta, of Chicago, for appellant.<br><br>David M. Bennett, Robert Marc Chemers, and Heather E. Plunkett, all of Pretzel & Stouffer Chtrd., of Chicago, for appellees. |
| Panel | JUSTICE ELLIS delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiff Robert Gadson was involved in an automobile accident in which he allegedly sustained both damage to his car and personal injury. He was compensated by his automobile insurance company for the damage to his car (minus a deductible). So the insurance company filed a subrogation claim against defendants for the property damage to the car. The insurance company did not file that lawsuit in its own name but rather in the name of its insured, plaintiff. Plaintiff later filed a separate lawsuit of his own against defendants, alleging personal injury. Defendants moved to dismiss the personal injury lawsuit as barred by *res judicata*, in light of the earlier property damage lawsuit in the name of plaintiff against the same defendants, which by that point had been resolved by settlement. The trial court agreed with defendants and dismissed the personal injury suit. We must determine whether the trial court properly interpreted section 2-403 of the Code of Civil Procedure (Code) (735 ILCS 5/2-403 (West 2010)) in dismissing this action based on *res judicata*. We hold that it did not. We reverse the trial court's dismissal and remand for further proceedings.

¶ 2                                 I. BACKGROUND

¶ 3      After a March 18, 2011 auto accident, plaintiff's automobile insurer, American Access Insurance Company (American Access), compensated plaintiff for his automobile damage, minus a $500 deductible plaintiff paid. On August 31, 2011, American Access retained a lawyer, Ronald J. Scaletta, and filed a subrogation action against defendants, Among Friends Adult Day Care, Inc. (Among Friends), and Nicole M. Peters, in the municipal division of the circuit court of Cook County (docket No. 12 M1 015955). The lawsuit sought $7,287.85 for property damage to plaintiff's vehicle. The action was styled, "Robert Gadson v. Among Friends Adult Day Care, Inc., John G. Klimek & Nicole M. Peters." The complaint did not mention American Access or the fact that the action was brought in subrogation.[1]

¶ 4      On February 20, 2013, while the subrogation case was still pending, plaintiff, through a different attorney, filed this action in the law division of the circuit court of Cook County (docket No. 13 L 1840), naming the same defendants and based on the same car accident, but in this case seeking damages for personal injuries only.

¶ 5      On April 23, 2013, after arbitration, the parties reached a settlement in the subrogation action and dismissed it. The record contains a copy of a release of claims against defendant Peters and her auto insurer that purports to be signed by plaintiff and Scaletta, in consideration of payment of $2,089.47. (As we will see, plaintiff denies ever signing that release.) The release discharged Peters from any further present or future claims of *property damage* arising from the March 18 car accident. (We are not aware of any release executed between plaintiff and the other defendant, Among Friends, and none has been called to our attention.)

¶ 6      The record also contains copies of two settlement checks, one from each defendant's insurance company. The first check is for $2,089.47 from Peters' auto insurer, made payable to "Law Offices of Ronald J. Scaletta & American Access." The second check, from defendant Among Friends' auto insurer in the amount of $3,134.19, was made payable to

---

[1]According to the record, the third named defendant, John G. Klimek, was Among Friends' agent and the driver of its vehicle, but he is not a party to this appeal.

"Ameican [*sic*] Access A.S.O. Robert Gadson and its attorneys Ronald J. Scalleta [*sic*] Law Offices." The parties acknowledge that "A.S.O." is shorthand for "as subrogee of."

¶ 7 After the subrogation action was dismissed with prejudice, both defendants filed motions to dismiss the personal injury action that is the subject of this appeal. Defendant Among Friends, moving for dismissal under sections 2-619(a)(4) and (a)(9) of the Code (735 ILCS 5/2-619(a)(4), (a)(9) (West 2010)), argued that this action was barred by *res judicata*, in light of the previous property damage lawsuit arising from the same car accident and involving the same plaintiff and defendants. Defendant Peters additionally argued that the personal injury action was barred by the release of claims plaintiff signed in the property damage claim, pursuant to section 2-619(a)(6) (permitting dismissal where "claim set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy" (735 ILCS 5/2-619(a)(6) (West 2010))).

¶ 8 The dispute concerning *res judicata* revolved around section 2-403 of the Code (735 ILCS 5/2-403(d) (West 2010)), a section of the Code that in part governs how subrogation claims must be brought and which provides an exception to *res judicata* in the subrogation context. Plaintiff claimed that subsection (d) of section 2-403 provided him that exception to *res judicata*. Defendants argued that plaintiff did not follow the dictates of subsection (c) in filing the subrogation claim, and thus plaintiff could not escape *res judicata* by relying on the exception to that doctrine contained in subsection (d). With regard to the additional argument of release raised only by defendant Peters, plaintiff filed an affidavit saying that the signature on the release purporting to be his was not–he swore he never signed that release.

¶ 9 The trial court entered a written order dismissing the action based on section 2-619 of the Code, without specifying which subsection was the basis for its ruling and without otherwise clarifying the grounds for dismissal. We have no transcript of any oral argument or ruling from the bench, and the parties cite to none.

¶ 10 Plaintiff moved for reconsideration. In his motion, plaintiff once again swore that he did not sign the release of all claims relied upon by defendant Peters for dismissal. Regarding *res judicata*, his motion included an affidavit from the attorney in the subrogation case, Mr. Scaletta, who swore that the defense attorneys in the subrogation case knew that it was a claim brought in subrogation. In further support of his sworn contention, Mr. Scaletta noted that the checks were written out to the insurance company, American Access (one of which was written to American Access "as subrogee of" plaintiff). He also noted that the estimate of repairs tendered to defendants showed a deductible of $500 paid by plaintiff. From all of this, plaintiff argued, defendants obviously knew that the property damage lawsuit was a claim brought in subrogation, even if plaintiff did not properly follow the dictates of subsection (c) of section 2-403.

¶ 11 Unlike the hearing on the motion to dismiss, we do have a transcript from the motion for reconsideration. The trial court ruled that, even if the affidavit of Mr. Scaletta was taken as true and defendants did, in fact, affirmatively know that the first lawsuit was a subrogation claim, it would not affect his ruling. The trial court said it did not matter whether defendants knew that the property damage action was one in subrogation; the statute, section 2-403(c), required that the insurance company bring the lawsuit in its own name and attach a verification explaining that the insurance company had become subrogated to plaintiff due to the reimbursement of plaintiff's property loss. American Access did none of that–the complaint was filed in plaintiff's name, and no verification was attached–and thus the initial

action could not be considered a "subrogation" claim under subsection (c). As such, plaintiff could not rely on the exception to *res judicata* for "subrogation" claims in subsection (d).

¶ 12    This appeal followed.

## II. ANALYSIS

¶ 14    A section 2-619 motion to dismiss provides a means of obtaining a summary disposition when a plaintiff's claim can be defeated as a matter of law or on the basis of easily proven issues of fact. *Zurich Insurance Co. v. Amcast Industrial Corp.*, 318 Ill. App. 3d 330, 333 (2000). A section 2-619 motion to dismiss admits all well-pleaded facts in the complaint, and all documents submitted in support of the motion must be considered in a light most favorable to the nonmoving party. *Id.* In reviewing the trial court's dismissal of an action based on section 2-619, we consider (1) whether a genuine issue of material fact exists and, if not, (2) whether the defendant is entitled to a judgment as a matter of law. *Id.*

¶ 15    The trial court's ruling on a section 2-619 motion presents a question of law, which we review *de novo. DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). Similarly, we review *de novo* the construction of a statute, also a question of law. *Id.* We may affirm the judgment of the circuit court on any basis appearing in the record, even if it was not the grounds on which the circuit court relied, and even if the trial court's basis for dismissal was incorrect. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 357 (2006).

¶ 16    The doctrine of *res judicata* provides that a final judgment on the merits, rendered by a court of competent jurisdiction, bars any later actions between the same parties (or their privies) on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). The bar extends both to issues actually decided in the original action and to those which could have been decided. *Id.* at 334-35. A defendant invoking the defense of *res judicata* must show: (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of the parties or their privies. *Id.* at 335. A "cause of action" is defined as the set of facts giving the plaintiff the right to relief. *Id.* at 338.

¶ 17    Thus, where a plaintiff and a defendant are involved in a car accident, and the plaintiff sues the defendant for property damage to his car, resulting in a final judgment, the plaintiff is barred from later filing a second lawsuit, against the same defendant, arising from the same car collision, seeking damages for *personal* injuries. *Mason v. Parker*, 295 Ill. App. 3d 1096, 1097-99 (1998). Generally speaking, Illinois law does not allow such claim-splitting. As explained in *Mason*, to allow a plaintiff to chop his claims up in such a fashion "leav[es] the courtroom doors open to a possibility of never-ending legal battles between the same parties based upon the same set of facts. Litigation should have an end. No person should be harassed with a multiplicity of lawsuits arising out of one cause of action." *Id.* at 1098-99.

¶ 18    But the legislature recognized an exception to the *res judicata* doctrine in the context of subrogation claims. See 735 ILCS 5/2-403(d) (West 2010). It is not difficult to see why. If an insurance company makes its insured whole (or close to whole) for property damage the insured suffered, the insurance company has the right to recover that reimbursement from the party responsible for the damage in the first place. It does so through subrogation–it steps into the shoes of the insured and pursues the property damage claim against the tortfeasor. But suppose that, out of that same occurrence that produced the property damage, the insured also suffered personal injuries. The insured has not been compensated by the insurance

company for *those* injuries, and he or she should have the right to pursue any claims for personal injury against the tortfeasor, independently of whether the insurance company is seeking recovery for property damage from that same defendant in a different lawsuit. After all, the insured typically has no control over whether the insurance company files its own lawsuit for property damage; the insured may not even know it did so. Thus, the General Assembly long ago determined that, in the subrogation context, the benefits of *res judicata* "were outweighed by the potential harm that could be suffered by [the insured-]subrogor who did not know of the prior action brought by the [insurer-]subrogee or did not have any control over the prior action if he did know." *Landrum v. Time D.C., Inc.*, 85 Ill. App. 3d 985, 991 (1980).

¶ 19    We have cited with approval the reasoning of a Florida court that provided this additional reason for exempting subrogation claims from the *res judicata* bar:

> " 'The policy reason behind this insurance subrogation exception is to facilitate the prompt settlement of property damage claims by an insured as against his own insurance carrier without prejudicing either the insured's right to sue the tortfeasor for personal injuries or the insurance carrier's right to bring a subrogated property claim against the same tortfeasor. A contrary rule would discourage such settlements by requiring the plaintiff insured to bring all of his claims together in a single lawsuit and not settle his property damage claim with his own carrier as soon as possible.' " *Zurich Insurance Co. v. Amcast Industrial Corp.*, 318 Ill. App. 3d 330, 337 (2000) (quoting *McKibben v. Zamora*, 358 So. 2d 866, 868 (Fla. Dist. Ct. App. 1978)).

¶ 20    Indeed, as we also noted in *Zurich*, courts in other jurisdictions have found the need to exempt subrogation claims from the *res judicata* doctrine to be so compelling that they imposed the exception by judicial fiat in the absence of a state statute. *Id.* at 336 (collecting cases).

¶ 21    The statutory exemption to *res judicata* for subrogation claims, subsection (d) of section 2-403, reads as follows:

> "(d) A judgment in an action brought and conducted by a subrogee[, *i.e.*, the insurer] by virtue of the subrogation provision of any contract or by virtue of any subrogation by operation of law, whether in the name of the subrogor[, *i.e.*, the insured] or otherwise, is not a bar or a determination on the merits of the case or any aspect thereof in an action by the subrogor to recover upon any other cause of action arising out of the same transaction or series of transactions." 735 ILCS 5/2-403(d) (West 2010).

¶ 22    "There is no question that section 2-403(d) is designed to protect an insured from having a claim for personal injury barred by *res judicata* because his subrogated insurance carrier has previously litigated the issue of property damage arising out of the same accident." *Zurich*, 318 Ill. App. 3d at 335-36; accord *Landrum*, 85 Ill. App. 3d at 990 (construing predecessor statute as "a statutory exception to the basic rules of res judicata").

¶ 23    Defendants do not dispute as much; each of them at least generally recognizes section 2-403(d) as providing an exception to the application of *res judicata* for subrogation claims. They claim, however, that the property damage action filed in the name of plaintiff by American Access's lawyer was not a subrogation claim, at least not for the purposes of section 2-403. They argue that plaintiff cannot fall under the protection of section 2-403(d)

because the initial property damage lawsuit failed to comply with subsection (c) of that statute:

> "(c) Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee[, *i.e.*, the insurer]; and the subrogee shall in his or her pleading on oath, or by his or her affidavit if pleading is not required, allege that he or she is the actual bona fide subrogee and set forth how and when he or she became subrogee." 735 ILCS 5/2-403(c) (West 2010).

¶ 24    It is undisputed here that the property damage lawsuit at issue was filed in the name of plaintiff, who was the subrogor, not the subrogee. It is likewise undisputed that the complaint neither pleaded nor incorporated by affidavit that American Access was "the actual bona fide subrogee," nor did the complaint "set forth how and when [American Access] became subrogee." *Id*. Thus, defendant Among Friends argues, because the property damage lawsuit "was not styled as a subrogation action, *** the exception [to *res judicata*] does not apply." As defendant Peters puts it, the initial property damage lawsuit "was not a subrogation action because it did not comply with" subsection (c) and thus "was not 'saved' by" subsection (d).

¶ 25    At first blush, it might appear that the textual argument defendants raise has some merit, because subsection (c) does require that "any" action brought in subrogation "shall be brought either in the name or for the use of" the insurer-subrogee. *Id*. The word "any" covers the universe, and "shall" is often given a mandatory construction. But the problem with this interpretation is that "[a] long line of cases has established the principle that if an insured plaintiff has even a *de minimus* pecuniary interest in the suit, that interest is sufficient to allow a subrogation action to be maintained in the plaintiff's name." *Radtke v. International Heater Co*., 140 Ill. App. 3d 542, 544 (1986); see also *Orejel v. York International Corp*., 287 Ill. App. 3d 592, 604 (1997); *Brooke Inns, Inc. v. S&R Hi-Fi & TV*, 249 Ill. App. 3d 1064, 1078-79 (1993); *Scheibel v. Groeteka*, 183 Ill. App. 3d 120, 145 (1989); *Nitrin, Inc. v. Bethlehem Steel Corp*., 35 Ill. App. 3d 577, 592 (1976); *In re Estate of Mallerdino*, 20 Ill. App. 3d 331, 336-37 (1974). Neither defendant acknowledges the principle established in this long line of cases, nor did the trial court address it.

¶ 26    Here, it is undisputed that plaintiff retained a $500 deductible interest in the outcome of the subrogation lawsuit. Thus, even if his interest was minor compared to that of American Access, he was still a real party-in-interest to the litigation. In accordance with the case law above, it was entirely proper for American Access to name plaintiff, instead of itself, in the subrogation suit; it was not a violation of section 2-403(c).

¶ 27    Defendants point to case law holding that "the interest of the subrogee cannot be concealed in any proceeding brought for its benefit." But those cases reinforce our position. Those cases only stand for the proposition that an action must be brought in the name of the insurer-subrogee if that insurer-subrogee has compensated the insured for *all* the damages it could seek against a defendant, and the insured thus no longer has *any* claim remaining. In *Shaw v. Close*, 92 Ill. App. 2d 1, 4 (1968), for example, the insured had fully resolved its claims; "the only action which remained was [that] of the insurance company." Thus, because the insured was the only remaining real party-in-interest, the "action had to be brought either in the name of or for the use of the [insurance] company." *Id*. Likewise, in *Nitrin, Inc.*, 35 Ill. App. 3d at 592, the court noted that the interest of the insurer-subrogee could not be concealed, but again, the insurer-subrogee had already compensated the insured

"for all damages it was seeking against defendant," and it was only because of that fact that the court held that the insurer-subrogee was required to be disclosed as the real party-in-interest. In *Orejel*, 287 Ill. App. 3d at 605, we upheld the trial court's decision *not* to require the insurer-subrogee to be named as a plaintiff because the insured still had a remaining, if relatively small, pecuniary interest in the proceeding. *Orejel* distinguished yet another case cited by defendants for their mistaken proposition (*Prudential Insurance Co. v. Romanelli*, 243 Ill. App. 3d 246, 250 (1993)), where "the court held that the insurance company was the actual party in interest because, based upon the record, the plaintiff *no longer had any interest* in the subrogated claim." (Emphasis in original.) *Orejel*, 287 Ill. App. 3d at 605.

¶ 28 It is clear from this discussion that, under section 2-403(c), where the insurer-subrogee is the only remaining real party-in-interest to the subrogation action because the pecuniary interest of the insured has been fully satisfied, the insurer-subrogee is required to file the action in its own name. It may not conceal its status, and in addition must swear to the facts that entitle it to its subrogated status. 735 ILCS 5/2-403(c) (West 2010). But where, as here, the insured retains even a *de minimus* financial stake in the outcome of the subrogation proceeding, the subrogation claim may be brought in the insured's name, and the remaining affidavit/verification language in subsection (c) is inapplicable.

¶ 29 If the foregoing was not clear enough, we also would point to the language of section 2-403(d), language which defendants do not address despite plaintiff's repeated references to it, which provides that the exception to the *res judicata* doctrine applies to "[a] judgment in an action brought and conducted by a subrogee ***, *whether in the name of the subrogor or otherwise*." (Emphasis added.) 735 ILCS 5/2-403(d) (West 2010). If, as defendants claim, a subrogation claim can *never* be brought in the name of the insured-subrogor, this highlighted language would be unnecessary, if not nonsensical. Clearly, the General Assembly contemplated that some subrogation claims might be brought in the name of the insured-subrogor, and the legislature intended that subrogation claims brought in the name of the insured-subrogor would receive the same *res judicata* exception as those brought in the name of the insurance company.

¶ 30 We thus find section 2-403(d)'s exception to the *res judicata* doctrine applicable here. The property damage lawsuit filed by American Access in plaintiff's name was unquestionably a subrogation claim that complied with section 2-403(c) and that fell within the exception in section 2-403(d). Thus, plaintiff's personal injury action was not barred by *res judicata* and should have been allowed to proceed in the circuit court.

¶ 31 It appears that the trial court's ruling to the contrary was the basis for its dismissal of the complaint, and we find that ruling to be in error. But defendant Peters raises an additional argument, and even if the trial court did not rely on it, we have already noted that we may affirm on any basis in the record. *Rodriguez*, 218 Ill. 2d at 357. So we will consider that remaining argument.

¶ 32 Defendant Peters brought her motion to dismiss based on section 2-619(a)(6), which permits dismissal upon proof that plaintiff had signed a valid release of all claims in a matter. We do not find the release to be a basis for dismissal here for two reasons. First, plaintiff responded to the motion to dismiss with an affidavit stating that he never signed that release, and his affidavit was unopposed. The unopposed affidavit would be enough, by itself, to create a question of fact as to the validity of the release. See *Doe v. University of Chicago*

*Medical Center*, 2015 IL App (1st) 133735, ¶ 55 (plaintiff's unopposed affidavit created question of fact as to scope of defendant's promises to her, precluding section 2-619 dismissal). Second, even if the release were valid, it only discharged defendant with regard to any further present or future *property damage* claims, and this lawsuit is a personal injury action. The scope and extent of a release depends on the intent of the parties as expressed in the instrument. *Shaw*, 92 Ill. App. 2d at 3. The release said nothing about personal injury claims, and we will not read it as such.

¶ 33    The judgment of the circuit court of Cook County is reversed. We remand the cause for further proceedings.

¶ 34    Reversed and remanded.