358 So.2d 866 (1978)
Eleyna McKIBBEN and Robert McKibben, Her Husband, Appellants,
v.
Oscar ZAMORA and Nationwide Mutual Insurance Company, Etc., Appellees.
No. 76-2367.
District Court of Appeal of Florida, Third District.
May 16, 1978.
*867 Horton, Perse & Ginsberg, Tobin & Fisch, Miami, for appellants.
Weinstein & Bavly and Arthur J. Morburger, Miami, for appellees.
Before PEARSON, NATHAN and HUBBART, JJ.
HUBBART, Judge.
This is a negligence tort action for personal injuries and property damage arising out of an automobile accident filed before the Circuit Court for the Eleventh Judicial Circuit of Florida. The trial court entered a final summary judgment for the defendants on the ground of res judicata. The plaintiffs appeal.
The sole issue presented for review is whether a plaintiff is barred by res judicata from bringing a negligence tort action for personal injuries sustained in an automobile accident when the plaintiff has previously obtained a judgment against the same defendant on a tort claim for property damage arising out of the same automobile accident if the plaintiff at the time he filed such property damage claim did not meet the no-fault threshold requirements for personal injury claims under the Florida Automobile Reparations Reform Act [§ 627.737(2), Fla. Stat. (1975)]. We hold that no exception is presented to the rule which prohibits the splitting of a cause of action between personal injury and property damage claims arising from a single tort incident, and that the plaintiff is barred by res judicata from bringing the second lawsuit for personal injuries herein. Accordingly, we affirm the final summary judgment entered for the defendants in this cause.
The facts of this case are substantially undisputed. On December 7, 1975, the plaintiff Eleyna McKibben was operating a motor vehicle in Dade County, Florida, when she became involved in an automobile collision with another motor vehicle operated by the defendant Oscar Zamora and insured by the defendant Nationwide Mutual Insurance Co. The plaintiff Robert McKibben was then and is now the husband of the plaintiff Eleyna McKibben.
On April 12, 1976, the plaintiffs Eleyna and Robert McKibben filed a lawsuit against the defendants Oscar Zamora and Nationwide Mutual Insurance Co. before the County Court of Dade County, Florida. The plaintiffs therein sought certain property damages to their motor vehicle sustained by them due to the defendant Zamora's *868 alleged negligence arising out of the above automobile accident. Although the defendants herein make a compelling argument to the contrary, we must assume for summary judgment purposes only that the plaintiffs had not reached the no-fault threshold of $1,000 in personal injury damages or a permanent injury within the meaning of the Florida Automobile Reparations Reform Act [§ 627.737(2), Fla. Stat. (1975)] at the time they filed their county court lawsuit. On June 14, 1976, a default judgment was entered in this lawsuit in favor of the plaintiffs and against the defendants in the amount of $915.20 plus costs.
On June 9, 1976, the plaintiffs filed a second lawsuit against the same defendants in the Circuit Court for the Eleventh Judicial Circuit of Florida, again alleging negligence against the defendant Zamora arising out of the same automobile accident, but this time alleging personal injuries as well as property damage in an amount in excess of $2,500 and also alleging a permanent injury. The defendants filed an amended answer to the complaint setting up the affirmative defense of res judicata based on the above county court judgment. Upon motion of the defendants, the trial court entered a final summary judgment in favor of the defendants on the ground that the cause of action was barred by res judicata. This appeal follows.
It is the established law of this state that where a single wrongful or negligent act causes both personal injury and property damage a single cause of action arises which must be claimed or recovered in a single lawsuit or not at all. The law does not permit the plaintiff to split his cause of action by dividing his property and personal injury claims arising from a single tort incident into two lawsuits. This rule is founded on the sound policy reason that the finality established by the rule promotes greater stability in the law, avoids vexatious and multiple lawsuits arising out of a single tort incident, and is consistent with the absolute necessity of bringing litigation to an end. Mims v. Reid, 98 So.2d 498 (Fla. 1957); 1 Fla.Jur.2d Action § 61 (1977).
One exception to the above rule has been recognized. An insurance carrier subrogated to the property claims of its insured may bring a suit for property damages sustained by its insured without regard to a prior lawsuit brought by the insured for personal injuries arising out of the same tort incident. Edelman v. Kolker, 194 So.2d 683 (Fla.3d DCA 1967). Similarly, the insured is not barred from bringing a suit for personal injuries based on its carrier's prior lawsuit for subrogated property damages arising out of the same tort incident. Rosenthal v. Scott, 150 So.2d 433 (Fla. 1961), rev'd on rehearing, 150 So.2d 436 (Fla. 1963).
The policy reason behind this insurance subrogation exception is to facilitate the prompt settlement of property damage claims by an insured as against his own insurance carrier without prejudicing either the insured's right to sue the tortfeasor for personal injuries or the insurance carrier's right to bring a subrogated property claim against the same tortfeasor. A contrary rule would discourage such settlements by requiring the plaintiff insured to bring all of his claims together in a single lawsuit and not settle his property damage claim with his own carrier as soon as possible.
Measured by these established standards, it is clear that the plaintiffs herein are barred from bringing the second lawsuit against the defendant for personal injuries and property damage. The plaintiffs have impermissibly split a single cause of action into a property damage claim and a personal injury and property damage claim both brought against the same tortfeasor and both arising out of the same tort incident. Moreover, the insurance subrogation exception in no way applies to this case. Under the established law, the plaintiffs are accordingly barred from bringing their second lawsuit by the judgment they obtained in the county court on their property damage claim.
The plaintiffs contend, however, that a new exception should be recognized to the *869 rule prohibiting the splitting of a cause of action as between property damage and personal injury claims arising out of a single tort incident. It is urged that a plaintiff who is involved in a motor vehicle accident should be able to split his tort claims for property damage and personal injury arising from such an accident so long as he files his property damage claim at a time when he has not yet met the no-fault threshold requirements for bringing a personal injury claim under the Florida Automobile Reparations Act. We see no sound policy reason for creating such an exception. There is a compelling need in this day and age for bringing an end to litigation arising out of single causes of action in an already overburdened judicial system in this state. We fully recognize that such a choice requires a balancing of the interests, but we are convinced that we must come down on the side of bringing finality to tort litigation arising out of the great number of motor vehicle accidents in this state. To permit the splitting of a single cause of action in such cases simply encourages multiple tort litigation which in our view is unjustified and ill advised.
The judgment appealed from is affirmed.