FERGUSON, Judge
(concurring).
The trial court dismissed plaintiff’s action for personal injuries suffered in an automobile accident on grounds that it was barred by a judgment entered for the plaintiff in an earlier action for collision damage arising out of the same accident. In an order, which is set out below in its entirety, the trial court relied on McKibben v. Zamora, 358 So.2d 866 (Fla. 3d DCA 1978) for its holding that the institution of the two separate actions constituted an impermissible splitting of a cause of action.
This is an action for damages resulting from personal injuries by the Plaintiff in an automobile accident of July 13, 1984.
Plaintiff had filed a prior lawsuit for property damage in the County Court, Case No. 84-1834, arising from the same accident. That case was settled between the parties and an order of dismissal was entered.
It was stipulated between the parties at the above hearing that the release signed by the Plaintiff herein was for property damage only, but did not specifically exclude bodily injury. It was further stipulated that the draft received by the Plaintiff in that suit stated “for property damage.”
The attorney for the Plaintiff represented to the Court, which proffer was accepted by the Court, that at the time the County Court suit was filed his client had not reached maximum medical improvement.
The basis of the motion to dismiss was the ruling in McKibben v. Zamora, 358 So.2d 866 (Fla. 3d DCA 1978). The case appears to be clearly controlling and this Court is required to follow the dictates of that opinion, no matter how strongly this Court may disagree with it.
Such a holding does not do justice between the parties. The need to bring an end to litigation should not outweigh the constitutional right of the people to open access to the Courts.
Plaintiff herein has been put in a no-win situation. If he waits until he has achieved maximum medical improvement, he must suffer the loss of the use of a vehicle for an extended period of time, perhaps up to several years. If he sues for his property damage, he loses his right to seek damages for his personal injuries.
The Appellate Court recognized that their decision required a balancing of interests. This Court feels that the Appellate Court came down on the wrong side.
However, this Court is compelled to follow the rule set forth by the Appellate Court, and accordingly, the motion to dismiss is granted and this cause be and the same is hereby dismissed with prejudice.
DONE AND ORDERED in Chambers, at Miami, Dade County, Florida this 14th day of February, 1986.
I share the trial court’s concern that the result may not be fair, but I agree that the prior opinion of this court is controlling.