584 So.2d 194 (1991)
Mineola Edwards BRYANT, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 90-2453.
District Court of Appeal of Florida, Fifth District.
August 15, 1991.
Richard H. Whitson, Holly Hill, for appellant.
M. Jennifer Moorhead of Eubank, Green, Hassell, Miles & Lewis, Daytona Beach, for appellee.
GOSHORN, Chief Judge.
Mineola Bryant appeals the order striking her insurer, Allstate Insurance Company, as a defendant in Bryant's suit against an uninsured tort-feasor, against whom *195 Bryant had earlier obtained a Clerk's default. She argues that the trial court erred in determining she was attempting to split her cause of action. We agree and reverse.
Bryant's insurance contract with Allstate includes personal injury protection, property damage and uninsured motorist coverages. Following an automobile accident, Bryant successfully sued Allstate for damages to recover the cost of repairing her car. Allstate settled a second suit with Bryant for personal injury protection benefits. The instant appeal stems from Bryant's attempt to sue Allstate as a party defendant in her suit against the uninsured tort-feasor. Allstate prevailed on its motion to have her claim against it stricken on the basis that Bryant was precluded from subjecting Allstate to a successive action by the application of the judicially created rule prohibiting the splitting of a cause of action.
The rule against splitting a cause of action requires that all damages sustained by a party as a result of a single wrongful act are lost if not claimed or recovered in one action. Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942). Allstate's argument is that the "single wrongful act" was the automobile accident and thus all damages arising therefrom should have been joined in a single suit. Had Bryant attempted to sue the tort-feasor for personal injury claims in one suit and property damages in a separate action, then Bryant would properly have been precluded from bringing her instant suit under the rule prohibiting splitting causes of action. See McKibben v. Zamora, 358 So.2d 866 (Fla. 3d DCA 1978) (the law does not permit a plaintiff to split his cause of action by dividing his property and personal injury claims arising from a single tort into two lawsuits). However, the wrongful act for which Bryant brought the instant suit is Allstate's alleged breach of the uninsured motorist provision of her insurance contract, not the tort-feasor's tort. This coverage is separate and divisible from the other risks underwritten by Allstate in the policy. See 44 C.J.S., Insurance, § 336, p. 1284.[1] A breach of each coverage provision gives rise to a separate cause of action and may be separately asserted. Couch on Insurance 2d (Rev ed) § 74:825. Accordingly, Bryant has not split her cause of action by bringing the uninsured motorist action separately.
REVERSED and REMANDED for further proceedings.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] This section provides:

Where a policy grouping several risks incident to the ownership and operation of motor vehicles, such as those of accidental bodily injury or death occasioned to the operator, loss or damage from accident or injury suffered by some person caused by the vehicle and for which the owner is liable, loss or damages to property caused by the motor vehicle, and loss or damages to vehicle by fire, accident, burglary, or theft, its legal effect is not different from the legal effect of separate policies each against one of the grouped risks... .