POLEN, Judge.
This is an appeal from the trial court’s order entering summary judgment in favor of the appellee, Government Employees Insurance Company [hereinafter GEICO]. We reverse and certify two questions of great public importance.
Appellants, plaintiffs below, were struck by a hit and run driver, and initiated an action against their automobile insurance company, appellee GEICO, seeking recovery for property damage pursuant to their insurance policy. The property damage action was eventually settled, and the cause was dismissed with prejudice upon stipulation of the parties.
Appellants subsequently initiated an action against GEICO seeking damages under the uninsured motorist coverage of their insurance policy for Nancy Almer-oth’s personal injuries sustained as a result of the accident and James Almeroth’s derivative claims. GEICO moved to dismiss on the ground that appellants had imper-missibly split their cause of action. GEICO attached exhibits to its motion to dismiss, including pleadings from the property damage action and the stipulated dismissal of the first cause of action. The trial court dismissed plaintiff’s complaint with prejudice, and we reversed in Almeroth v. Gov’t Employees Ins. Co., 537 So.2d 717 (Fla. 4th DCA 1989). This court apparently agreed with appellants that the trial court had improperly looked beyond the four corners of the complaint in arriving at its ruling, and had considered GEICO’s affirmative defense presented by the exhibits.
The cause was remanded to the trial court, which took judicial notice of the court file in the property damage case. GEICO filed an answer to the complaint and moved for summary judgment, again asserting that appellants had improperly split their cause of action, and therefore the second action was barred by the doctrine of res judicata. The trial court entered summary judgment in favor of GEICO, finding that appellants’ personal injury action arose out of the same incident or occurrence as appellants’ previous property damage suit, and therefore appellants were barred from bringing the personal injury action.
Florida courts have not previously addressed the precise issue presented by the instant case. It is well established, however, that a party injured in an automobile accident may not split a single cause of action into two actions brought against the same tortfeasor, one for property damage and another for personal injury, when both actions arise out of the same tort incident. McKibben v. Zamora, 358 So.2d 866 (Fla. 3d DCA 1978). A narrow exception to this rule allows the insured to settle his claim with his insurance company for property damage to his automobile. The insured *552 may then bring suit against the tortfeasor for personal injuries arising out of the accident, without regard to the insurer’s prior or subsequent lawsuit against the same tortfeasor for subrogated property damages arising out of the same tort incident. Rosenthal v. Scott, 150 So.2d 433 (Fla.1963). The Rosenthal exception has been recognized in order to allow “prompt settlement of property damage claims by an insured as against his own insurance carrier without prejudicing either the insured’s right to sue the tortfeasor for personal injuries or the insurance carrier’s right to bring a subrogated property claim against the same tortfeasor.” McKibben, 358 So.2d at 868.
In the instant case, appellants brought an initial action against their insurance carrier for property damage. Appellants’ second suit, seeking damages for personal injuries, was initiated against the insurance carrier pursuant to uninsured motorist coverage. In other words, the uninsured motorist statute gave appellants the same cause of action against GEICO that they had against the uninsured third party tortfeasor for damages for bodily injury. Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla.1978). While both the property damage and personal injury suits were filed against GEICO, the personal injury suit is more appropriately viewed as an action against the uninsured tort-feasor.
If appellants in the case at bar had been able to identify the driver of the vehicle that hit them, they would have been entitled to bring a personal injury action against that tortfeasor, irrespective of their previous property damage suit against their insurance company. Why should they be precluded from bringing suit for personal injuries after having already settled a property damage action, solely because they had the bad fortune to be injured by a hit and run driver? Such a result would be at odds with the stated policy behind the Rosenthal exception, which allows for prompt settlement of property damage claims without prejudice to future claims for personal injury. We hold that appellants were entitled to bring their second cause of action against GEI-CO, pursuant to the Rosenthal exception to the rule which prohibits the splitting of a cause of action.
We write further to note that we agree with appellants’ primary argument on appeal. Appellants maintain that the trial court erred in entering summary judgment in favor of GEICO, because the action for personal injuries concerned a separate and distinct coverage of the insurance policy into which appellants and appellee had entered. Appellants assert that the insurance policy sued upon is a! severable contract, with separate premiums paid for property damage coverage and uninsured motorist coverage. Bryant v. Allstate Ins. Co., 584 So.2d 194 (Fla. 5th DCA 1991). They argue that they should therefore be allowed to initiate one cause of action for property damage and a separate cause of action for personal injuries. We agree with the reasoning in Bryant, which supports the conclusion that appellants were entitled to settle their property damage claim without prejudice to their right to bring their personal injury claim under the separate and distinct uninsured motorist coverage of their insurance policy.
Therefore, we reverse the final judgment of the trial court, and remand with directions that appellants’ cause of action be reinstated. However, we note that the Florida Supreme Court has not addressed this issue, and so we certify the following questions to be of great public importance:
1. MAY A CLAIMANT SEEKING BENEFITS UNDER BOTH THE PROPERTY DAMAGE AND THE UNINSURED MOTORIST PROVISIONS OF THEIR AUTOMOBILE INSURANCE POLICY BRING SUCH CLAIMS AGAINST THEIR INSURANCE COMPANY IN SEPARATE CAUSES OF ACTION, PURSUANT TO ROSENTHAL V. SCOTT, 150 So.2d 433 (Fla.1963)?
2. MAY A CLAIMANT SEEKING BENEFITS UNDER BOTH THE PROPERTY DAMAGE AND THE UNINSURED MOTORIST PROVISIONS OF THEIR AUTOMOBILE INSURANCE *553 POLICY BRING SUCH CLAIMS AGAINST THEIR INSURANCE COMPANY IN SEPARATE CAUSES OF ACTION UNDER THE THEORY THAT SUCH A CONTRACT OF INSURANCE IS SEVERABLE?
REVERSED AND REMANDED AND QUESTIONS CERTIFIED.
ANSTEAD and GARRETT, JJ., concur.