PALMER, J.
State Farm appeals the final summary judgment entered in favor of Pasha Yenke on her claim for payment of underinsured motorist insurance benefits. We affirm.
After Yenke was involved in an automobile accident with Stephen Milam, she filed a negligence suit against him seeking dam *431 ages. He answered and affirmatively asserted that a “phantom vehicle” caused the accident which resulted in Yenke’s injuries. Yenke thereafter filed a motion to amend her complaint, and attached a proposed complaint which asserted a claim for un-derinsured motorist benefits against State Farm, her insurance carrier. However, she later filed a second motion to amend her complaint, attaching thereto a different proposed complaint which asserted claims against State Farm for uninsured motorist benefits under her policy based upon the claimed negligence of the phantom vehicle. No claim for underinsured benefits was asserted in Yenke’s second amended complaint.
The case went to trial on Yenke’s second amended complaint. The jury found that the phantom vehicle was not negligent, and that Milam was one hundred percent negligent. After trial, but prior to the entry of final judgment, Yenke filed a motion to amend her pleadings to conform to the evidence presented at trial, requesting that the trial court permit her to assert a claim against State Farm in its capacity as her underinsured motorist carrier. That motion was denied.
Following the disposition of her first lawsuit, Yenke instituted this second lawsuit seeking a declaration as to whether she was entitled to receive underinsured benefits from State Farm since the judgment entered in the first lawsuit exceeded the amount of Milam’s coverage. State Farm answered, asserting affirmative defenses of res judicata, collateral estoppel, improper splitting of cause of action, failure to state a cause of action, and waiver. Both Yenke and State Farm moved for summary judgment on their claims and defenses. Upon review, the trial court entered final summary judgment in favor of Yenke ruling that she was entitled to received underinsured benefits pursuant to the term of her State Farm policy.
State Farm appeals, raising three issues for this court’s consideration: 1) whether Yenke’s claim for underinsured motorist benefits was barred by the doctrine of res judicata; 2) whether Yenke improperly split her causes of action by instituting a second suit against State Farm; and 3) whether Yenke waived her claim for un-derinsured motorist benefits by abandoning her first proposed amended complaint.
State Farm first contends that res judicata bars Yenke’s claim for under-insured benefits, arguing that Yenke was required to assert that claim in her first lawsuit. However, as State Farm recognizes, in order for res judicata to bar a second lawsuit the following four identities must exist: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and, 4) identity of the quality or capacity of the person for or against whom the claim is made. ICC Chemical Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994). In this case, only the first and third identities exist. The thing sued for in both cases was the damages resulting from the accident, and the named parties to the actions are identical. However, the causes of action are not identical since Yenke’s claim for uninsured benefits resulting from the involvement of a phantom vehicle is separate and distinct from her cause of action for underinsured benefits resulting from the fact that Milam had inadequate insurance coverage to cover the jury’s verdict. In addition, the capacity of the person against whom the claim is made is not identical because State Farm in its role as the uninsured motorist carrier is different from State Farm in its role as the underinsured motorist carrier. Accordingly, since all four identities were not present, Yenke’s claim for underinsured motorist benefits was not barred by the doctrine of res judicata.
*432 State Farm next argues that Yenke improperly split her causes of action by pursuing a second lawsuit against State Farm. “The rule against splitting causes of action provides that all damages sustained by a party as a result of single wrongful act must be claimed and recovered in one action.” Lobato-Bleidt v. Lobato, 688 So.2d 431, 433 (Fla. 5th DCA 1997) (citation omitted). Yenke responds by arguing that this claim lacks merit because a breach of each coverage provision in an insurance policy gives rise to a separate cause of action. We agree.
In Bryant v. Allstate Ins. Co., 584 So.2d 194 (Fla. 5th DCA 1991), Bryant successfully sued Allstate for damages to recover the cost of repairing her car. Allstate settled a second suit with Bryant for personal injury protection benefits. Bryant thereafter sought to name Allstate as a party defendant in a third suit'which had been filed against the uninsured tortfea-sor; however, Allstate prevailed on its request to strike Bryant’s claim at the trial level on the basis of the judicially created rule prohibiting the splitting of causes of action. On appeal, this court reversed:
[T]he wrongful act for which Bryant brought the instant suit is Allstate’s alleged breach of the uninsured motorist provision of her insurance contract, not the tortfeasor’s tort. This coverage is separate and divisible from the other risks underwritten by Allstate in the policy.
Id. at 195 (citation omitted). We proceeded to explain that a “breach of each coverage provision gives rise to a separate cause of action and may be separately asserted.” Id. (citation omitted). The court thus concluded that Bryant had not improperly split her causes of action by bringing the uninsured motorist action separately. Similarly, Yenke’s claims for uninsured coverage and underinsured coverage relate to separate and distinct coverage provisions, thereby giving rise to separate causes of action. The fact that the under-insured coverage provision and the uninsured coverage are contained in the same paragraph of the instant policy does not change the fact that such claims involve separate and distinct coverage-issues.
State Farm’s third argument is that Yenke waived her claim for underin-sured motorist benefits when she abandoned her proposed first amended complaint which asserted a claim based upon Milam’s underinsurance and filed her second amended complaint which only asserted a claim for uninsured benefits based on the phantom vehicle. State Farm’s waiver argument is premised upon its contention that these facts demonstrate that Yenke had pursued a claim for underinsured motorists benefits but then withdrew or dropped that claim. We disagree. Waiver is the intentional or voluntary relinquishment of a known right, or conduct which implies the relinquishment of a known right. “The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right.” Mizell v. Deal, 654 So.2d 659, 663 (Fla. 5th DCA 1995). The instant record is devoid of any evidence that Yenke made an intentional or voluntary relinquishment of her underinsurance claim. In fact, the record does not indicate that Yenke even called up for a hearing her first motion to amend to add a claim for underinsured motorist benefits.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.