798 So.2d 844 (2001)
William H. SCOVELL & Sandra Z. Scovell, Appellants,
v.
DELCO OIL COMPANY, INC., and Steve Deluca, Appellees.
No. 5D01-1004.
District Court of Appeal of Florida, Fifth District.
November 2, 2001.
*845 Howard L. Cauvel, of Rano, Cauvel & Ceely, P.A., DeLand, for Appellants.
Christopher R. Ditslear, Law Office of Robert Foster, P.A., DeLand, for Appellees.
THOMPSON, C.J.
William H. Scovell and Sandra Z. Scovell (collectively, "Scovells") timely appeal the circuit court's final judgment dismissing with prejudice their complaint for damages against Delco Oil Company, Inc., and Steve DeLuca (collectively, "Delco"). We reverse.
In their complaint, the Scovells alleged that Delco had leased from the Scovells certain real property in Sanford upon which a gas station and convenience store sat, and Delco had breached that lease. The Scovells sought: i) damages in the amount of unpaid rent for the remaining lease term; and ii) additional damages for Delco's failure to remove petroleum storage and dispensing equipment from the property pursuant to the terms of the lease. Together with the complaint, the Scovells attached a copy of the lease and a copy of a Final Judgment For Eviction, entered in county court in Seminole County, which determined that Delco had breached the lease and that the Scovells were entitled to a writ of possession of the leased premises. According to the eviction judgment, Delco breached the lease, by failing to install new petroleum lines, per a lease extension signed by both parties.
Delco moved to dismiss the complaint. Delco argued that the rule against splitting a cause of action requires that all damages sustained or accruing as a result of a single wrongful act must be claimed and recovered in one action or not at all. Delco argued that because the complaint demonstrated that the Scovells had their day in court in Seminole County as it relates to this breach, their attempt to bring another complaint was barred by the rule against splitting causes of action.
The trial court granted Delco's motion to dismiss. The trial court's decision is stated succinctly in the judgment:
The damages sought in the instant case are the result of a breach of the lease agreement, which was ruled upon the Seminole County Court. Such damages should have been claimed and recovered in that case, where the parties were the same and the facts and circumstances were identical.
Whether a complaint should be dismissed is a question of law. See City of Gainesville v. State, Dep't of Transp., 778 So.2d 519, 522 (Fla. 1st DCA 2001). The "court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true." Alevizos v. John D. and Catherine T. MacArthur Found., 764 So.2d 8, 9 (Fla. 4th DCA 1999)(citing Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA *846 1996).) On appeal of a judgment granting a motion to dismiss, the standard of review is de novo. See City of Gainesville, 778 So.2d at 522.
The rule against splitting a cause of action requires that all damages sustained by a party as a result of a single wrongful act are lost if not claimed or recovered in one action. See Bryant v. Allstate Ins. Co., 584 So.2d 194, 195 (Fla. 5th DCA 1991)(citing Gaynon v. Statum, 151 Fla. 793, 10 So.2d 432 (1942)). Affirmative defenses like res judicata (usually used to raise the rule) ordinarily must be pleaded in an answer, and not on a motion to dismiss. See Barbado v. Green & Murphy, P.A., 758 So.2d 1173, 1174 (Fla. 4th DCA 2000). An exception is made, however, when the face of the complaint is sufficient to demonstrate the existence of the defense. See Bess v. Eagle Capital, Inc., 704 So.2d 621, 622 (Fla. 4th DCA 1997)(citing Duncan v. Prudential Ins. Co., 690 So.2d 687, 688 (Fla. 1st DCA 1997) (affirming dismissal on grounds of res judicata and estoppel by judgment where appellant had specifically incorporated into her complaint the previous proceeding)). This case fits that exception. See Duncan.
The Scovells have set out two causes of action based on two different breaches of the lease. First, they have sought to enforce the accelerated rent provision of the lease. Second, the Scovells sought damages because Delco breached another provision of the lease, which called for Delco to remove petroleum storage and dispensing equipment once the lease was terminated. The first count did not necessarily have to be raised during the summary eviction proceeding. As the Third District Court of Appeal recently stated:
The summary procedure statutes envision an expedited process to determine the right to possession promptly without the necessity of deciding all other issues between the parties. While the tenant may assert all equitable defenses in a landlord/tenant dispute, there is no obligation to do so in the summary procedure action. Just as the landlord does not have to assert all its claims in the action to remove the tenant, the tenant does not have to assert all its defenses. The tenant may await the landlord's action for damages to assert any monetary claims by way of affirmative defenses or counterclaims.
Camena Investments and Property Management Corp. v. Cross, 791 So.2d 595, 596 (Fla. 3d DCA 2001) (emphasis added) (citations omitted).
Likewise, the second cause of action for breach of the lease contract was not barred by res judicata or the rule against splitting a cause of action. "The rule against splitting a cause of action requires that all damages sustained by a party as a result of a single wrongful act are lost if not claimed or recovered in one action." Bryant, 584 So.2d at 195 (Fla. 5th DCA 1991)(emphasis added). In the instant case, the failure to install the new petroleum lines which led to the eviction was an act separate from the subsequent failure to remove the petroleum equipment. Accordingly, the rule against splitting a cause of action is inapplicable to this case.
REVERSED AND REMANDED for proceedings consistent herewith.
SAWAYA and ORFINGER, R. B., JJ., concur.