TORPY, J.
Susan Bishop (“Former Wife”) challenges the trial court’s order denying her request for child support arrearages allegedly due from her former husband, John Bishop (“Former Husband”). We have jurisdiction. Fla. R.App. P. 9.030(b)(1)(A) and Fla. R.App. P. 9.110. The trial court determined that a procedural impediment precluded recovery. Additionally, the court concluded that Former Wife’s request was barred by principles of waiver and laches. We reverse and remand for further proceedings.
In October of 1990, because of an impending divorce, Former Wife and Former Husband entered into a Stipulation and Property Agreement (“Stipulation”). Among other things, the parties stipulated that Former Wife would have custody of their six-year-old daughter, Sydney, and that Former Husband would pay child support of $225.00 every other week. A Final Judgment of Dissolution of Marriage was entered on .October 26, 1990. The Final Judgment ratified and incorporated the Stipulation.
A month later, Former Husband filed a Petition for Modification of Judgment seeking to have his child support obligation reduced. Former Husband alleged a substantial change of circumstances in that he had lost his job with a construction company due to lack of work. He requested temporary modification of his child support obligation “until ¿uch time as he is reemployed.” The trial court granted the modification on February 8, 1991. The court reduced Former Husband’s child support obligation, but provided for an “automatic” increase in child support “[i]n the event of any upward change in [Former Husband’s] income.” Former Hus *1236 band was further ordered to provide Former Wife with his paycheck stubs. The order modifying support provided, in pertinent part:
8. That the downward modification of child support set forth in paragraph one above is based upon a reduction in Respondent’s gross income from six hundred fifty and 00/100 ($650.00) dollars per week to five hundred fifty and 00/100 ($550.00) dollars per week, and is set at 17.30% of Respondent’s gross income. Respondent shall be required to provide Petitioner with copies of his paycheck stubs on or before the last day of the current month for that month. In the event of any upward change in Respondent’s income, the Respondent’s obligation to pay child support shall automatically be increased so as to reflect the 17.30% of Respondent’s gross income. In the event of a substantial downward change Respondent may file a Motion addressing the reasonableness of the support obligation.
On May 24, 1996, Former Wife filed a Motion for Enforcement of Final Judgment of Dissolution of Marriage, Motion for Contempt, and Notice of Hearing wherein she alleged that Former Husband had failed to comply with various terms of the Stipulation and Final Judgment, including paragraph 3 of the modification order. Specifically, Former Wife alleged that Former Husband had not provided her with copies of his paycheck stubs to verify that he was paying 17.30% of his gross earnings in child support. On December 2, 1996, however, stating that the parties had worked out their differences, Former Wife filed a Notice of Dismissal of Petitioner’s Motion for Enforcement of Final Judgment of Dissolution of Marriage and Motion for Contempt. The trial court entered an order dismissing Former Wife’s motions without prejudice.
On September 13, 2002, Former Wife filed the motion at issue, a Motion for Contempt and Notification to Clerk of Court of Child Support Arrearage. The motion alleged that Former Husband was ordered to pay 17.30% of his gross income as child support, that Former Husband had continued paying only $225 bi-weekly,[1] and that each time Former Wife requested compliance with the 17.30% provision, Former Husband claimed hardship. Former Wife also alleged that she had demanded that Former Husband pay the arrearage, but Former Husband failed to do so. Former Wife attached to her motion a copy of a demand letter that she wrote to Former Husband on July 23, 2002, and copies of Former Husband’s W-2 forms for 1991-1997 and 1999-2001. Former Husband did not file a response to the motion.
The trial court held a hearing on Former Wife’s motion. Copies of letters from Former Wife to Former Husband, dated August 18, 1991, and February 10, 2002, were admitted into evidence. In the letters, Former Wife requested compliance with the order to provide her with paycheck stubs, among other things. On January 6, 2003, the trial court issued its order finding: (1) that the February 8, 1991, order setting Former Husband’s child support obligation at 17.30% of his gross income was not self-effectuating, therefore, requiring that Former Wife proceed by filing a petition for modification, rather than simply a motion for enforcement or contempt; (2) that Former Wife’s voluntary dismissal of her motion in 1996 constituted a waiver of any amount of un *1237 paid child support claimed up to that date; and (3) that laches and waiver applied to Former Wife’s claim for all other child support arrearages. Thus, the court denied Former Wife’s motion. Former Wife filed a timely Notice of Appeal.
As to the first basis for denial, the trial court stated as follows:
[T]he Court having reviewed the Court file and having noted that there was an Order entered on or about February 8, 1991, which order established the Former Husband’s support obligation as a result of a modification proceeding at $190.00 bi-weekly, and the Court further having found that the agreement provides that the aforesaid amount is of 17.30% of the Former Husband’s gross income and that the Former Husband is required to provide to the Former Wife copies of his paycheck stubs on or before the last day of the current month for that month, and further, in the event of any upward change in the Former Husband’s income, the Respondent’s obligation to pay child support shall automatically be increased so as to reflect the 17.30% of the Former Husband’s gross income and in the event of a substantial downward modification change Former Husband may file a Motion addressing the reasonableness of the support obligation, however, the Court interprets said provision as not being self-effectuating and therefore it was incumbent upon the Former Wife to file a Supplemental Petition For Modification if she believed that child support should be set at the level of 17.30% of the Former Husband’s gross earnings, however, the Former Wife never filed such a supplemental petition ....
(emphasis added).
We disagree with the trial court’s interpretation of the order. The meaning of the order must be discerned from the plain meaning of the words used in the order. Stein v. Professional Center, S.A., 666 So.2d 264 (Fla. 3d DCA 1996). Use by the court of the word “automatically” evinces a clear intent that further court action would not be required to effect an increase in child support caused by any “upward” change in Former Husband’s income. Thus, no modification of the order was necessary and its enforcement could be initiated via motion for contempt.
As to the trial court’s second basis for denial of Former Wife’s motion, it stated as follows:
[T]he Court further having found that in 1996, a Notice of Voluntary Dismissal was filed by the Former Wife wherein it indicated that the parties had resolved their differences and the Court having found that up to that point, that the filing of the voluntary dismissal constitutes a waiver of any amount of undue [sic] child support up to said date....
Again, we disagree. Waiver is the intentional or voluntary relinquishment of a known right, or conduct which implies the relinquishment of a known right. The elements of waiver are: (1) the existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived; (2) the actual or constructive knowledge of the right; and (3) the intention to relinquish the right. State Farm Mut. Auto. Ins. Co. v. Yenke, 804 So.2d 429, 432 (Fla. 5th DCA 2001). There is nothing in this record to establish that Former Wife intended to relinquish her right to collect child support arrearages by dismissing the enforcement action. Furthermore, as Former Wife correctly points out, the voluntary dismissal was without prejudice, both by operation of Florida Rule of Civil Procedure 1.420(a)(1) and by the specific language used in the order *1238 dismissing her motion. Thus, the dismissal does not create an impediment to recovery of past due amounts.
Finally, we conclude that the trial court erred in its determination that Former Wife’s delay in seeking back support barred Former Wife’s claim under principles of laches and waiver. Laches is not applicable because no showing of prejudice was made by Former Husband. Gardiner v. Gardiner, 705 So.2d 1018 (Fla. 5th DCA 1998). As this court stated in Gardiner:
The law is well settled that a proceeding for the enforcement of periodic alimony or child support orders is equitable in nature and is not barred by the running of the statute of limitations. The true test in determining whether to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought. The delay required to render the defense of laches available must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted.
Gardiner, 705 So.2d at 1020 (internal citations omitted).
Here, Former Husband alleged no injury, embarrassment or disadvantage. Moreover, the delay did not preclude the court from arriving at a “safe conclusion as to the truth of the matter in controversy” because the 1991 order modifying Former Husband’s child support to 17.30% of his gross salary was clear and required nothing more than a mathematical computation using Former Husband’s W-2 forms. See also, Ticktin v. Kearin, 807 So.2d 659, 663 (Fla. 3d DCA 2001) (laches will bar claim for child support only in circumstances of extreme prejudice). Likewise, waiver cannot be found based on a mere delay in seeking redress. Torres v. K-Site 500 Associates, 632 So.2d 110, 112 (Fla. 3d DCA 1994).
The judgment of the trial court is reversed and this cause is remanded for the court to address the merits of Appellant’s pending motions.
REVERSED and REMANDED.
SAWAYA, C.J., and PALMER, J., concur.

. Former Husband at some point increased his support payments back to $225 bi-weekly. There is no explanation of when this occurred.