*In re* Estate of THOMAS GIBSON, Deceased—(JOHN BERDUSIS, Ex'r of the Estate of THOMAS GIBSON, Deceased, Petitioner-Appellee, Cross-Appellant, *v.* AMELIA NALMPANTIS, Respondent-Appellant, Cross-Appellee.)

(No. 72-314;

Second District—May 28, 1974.

Marinakis & Marinakis, of Chicago, for appellant.

Pollock, Meyers & Eichsteadt and Constantine G. Drugas, both of Chicago, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Petitioner, executor of the estate of Thomas Gibson, deceased, filed a complaint to construe decedent's will. Respondent, the adopted daughter of the decedent, took nothing under the instrument.

After enumerating various small bequests to other legatees and accommodating payment of debts, the will's Article VI, the basis of the complaint, commenced by stating, "I give, devise and bequeath all of the rest, residue and remainder of my estate of whatsoever amount and character and wheresoever situated as follows," and went on to designate that decedent's sister, three nieces and five nephews were each to receive one-eighteenth share. An ambiguity exists in that one-half of the residuary estate remained undisposed.

Petitioner and a witness appeared on the day set for trial. Before commencement of the hearing, respondent moved to exclude the introduction of any extrinsic evidence on the ground that the ambiguity was patent. At the conclusion of arguments on the motion, the parties agreed to furnish briefs to assist the court in its determination of the motion. Because of the pending motion, the trial did not proceed but as a convenience to petitioner's witness (the attorney-scrivener of decedent's will), the court suggested that his evidence deposition be taken. This was done without the court's presence. In the deposition the witness related circumstances surrounding the execution of the will and identified decedent's former wills which were offered into evidence. Subsequently, petitioner filed a motion to include the deposition and exhibits as part of the evidence in the case. The record does not disclose that a hearing was held on either the motion or the complaint.

The record next reveals a memorandum decision wherein the court found that while, "The ambiguity here is patent, however, for purposes of this decision it is unnecessary for the court to consider this question and accordingly the Executor's motion to consider as evidence the deposition * * * is denied." The memorandum further found, based upon the presumption against intestacy, that the testator intended to give all of the residuary estate, in equal parts, to the legatees named in Article VI. An order effectuating these findings was entered.

Respondent appeals from that portion of the order which divides the residuary estate equally among the named residuary legatees. Petitioner cross-appeals from that part of the order which denied admittance of the scrivener's evidence deposition. Each party seeks reversal of the trial court's order.

■■ Cases are legion, requiring no citation, which hold that a court's

primary mandate in construing a will is to give effect to the testator's intent whenever possible. Numerous rules of construction have been developed to accomplish this end and while cases construing wills do not have the controlling force of precedents attributed to other cases, they nevertheless offer aid in attempting to establish the testator's intent. See *Cahill v. Michael*, 381 Ill. 395 (1942).

The introductory phrase of Article VI (previously quoted) clearly expresses a generic intent to dispose of the entire residue. The ambiguity arises when attempting to discern the testator's *specific* intent. The fractional disposition of one-half of the residuary estate coupled with the general intent to dispose of the whole, permits alternate conclusions as to the testator's specific intent: either he intended to give the entire residuary estate to the nine named persons but misstated their fractional shares or he intended to give one-eighteenth to each of the nine and the remainder to one or more persons whose names were erroneously omitted.

■■ In ascertaining the testator's specific intent the trial court relied exclusively upon the presumption against intestacy and, in effect, made the presumption conclusive. Such application of the rule would operate to prevent partial intestacy in every case. (*Karsten v. Karsten*, 254 Ill. 480, 485 (1912).) This approach is clearly not the law. (*Glaser v. Chicago Title & Trust Co.*, 393 Ill. 447, 462-64 (1946); *Foss v. State Bank & Trust Co.*, 343 Ill. 94, 96-97 (1931); *Kenney v. Pasieka*, 125 Ill.App.2d 24, 28-29 (1970).) In its effort to resolve the ambiguity, the court overlooked another familiar rule of construction, *i.e.*, that general provisions must give way to specific provisions. *McCreery v. Burmood*, 332 Ill. 645, 648 (1928); *Dickison v. Dickison*, 138 Ill. 541, 547 (1891); *Logan v. Harris Trust & Savings Bank*, 8 Ill.App.2d 61, 68-69 (1955).

If the will itself was the only evidence available, we would be more inclined to accept respondent's argument that the unresolvable ambiguity required the question portion of the residuary estate to pass under the laws of intestacy. (*Rodisch v. Moore*, 257 Ill. 615 (1913); *Dailey v. Dailey*, 224 Ill.App. 17 (1922).) Here, however, there was an attempt to shed light upon the testator's specific intent by means of the scrivener's evidence deposition describing circumstances surrounding the execution of the testator's last will and pertinent exhibits. (See *Breckheimer v. Kraft*, 133 Ill.App.2d 410, 415 (1971); *Bradley v. Rees*, 113 Ill. 327, 332-34 (1885); 94 A.L.R. 286, regarding scrivener's testimony and *Defrees v. Brydon*, 275 Ill. 530, 540 (1916); *Cravens v. Haas*, 318 Ill.App. 447, 454-56, *appeal denied* (1943); *Heckler v. Young*, 264 Ill.App. 34, 38-42, *appeal denied* (1931), regarding former wills.) While this evidence was denied admittance, the question of its admissibility was preserved by petitioner's cross-appeal.

■■ Under certain circumstances this court may consider evidence improperly excluded by the trial court but those circumstances are not here present. All of the admissible evidence is not in the record before us. *Dayton Scale Co. v. General Market House Co.*, 335 Ill. 342, 344-46 (1929); *Gundich v. Emerson-Comstock Co.*, 21 Ill.2d 117, 127-28 (1960).

■■ At the time of *Rodisch* and *Dailey* there was a rule of construction that extrinsic evidence could not be admitted to clarify a patent ambiguity. Since then, *Weir v. Leafgreen*, 26 Ill.2d 406, 411-12 (1962), has made it clear that whenever an ambiguity in a will exists, be it latent or patent, extrinsic evidence is admissible as an aid toward reaching the testator's intent.

■■ We therefore hold that the court erred by relying solely upon the rule of construction that the testator's specific intent could be founded upon the presumption against intestacy and further erred by denying the petitioner the opportunity to introduce extrinsic evidence in an attempt to aid the court in determining the testator's specific intent.

For the reasons stated the orders appealed by the petitioner and respondent are vacated and the cause is remanded for further proceedings consistent with the views expressed herein.

Orders vacated and cause remanded.

GUILD, P. J., and SEIDENFELD, J., concur.