*In re* ESTATE OF ALICE M. SHAW, Deceased (Ralph W. Cummings *et al.*, Petitioners-Appellants, v. Harris Trust and Savings Bank, as Adm'r of the Estate of Alice M. Shaw, Deceased, *et al.*, Respondents-Appellees).

First District (5th Division) No. 1—88—0484

Opinion filed April 21, 1989.

Richard S. Spector, of Richard S. Spector, Ltd., of Chicago (David A. Novoselsky, of David A. Novoselsky & Associates, of counsel), for appellants.

James J. Carroll, of Chicago (Sidley & Austin, of counsel), for appellee University of Michigan.

Thomas J. McCarthy, of Jenner & Block, of Chicago, for appellee Monmouth College.

JUSTICE LORENZ delivered the opinion of the court:

Petitioners filed this action for construction of a will and appeal from the trial court's entry of judgment on the pleadings in respondents' favor. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e).) On appeal, we address the issue of whether the language of the will was unambiguous, justifying entry of judgment on the pleadings. We reverse and remand with directions.

Testator, Alice M. Shaw, died on April 21, 1986, leaving a will which in relevant part stated as follows:

"LAST WILL AND TESTAMENT

I, Alice M. Shaw, do hereby declare that I reside in and own Apartment 1504 in the Illini Apartments located at 545 South Atlantic Blvd. in Fort Lauderdale, Florida 33316 and that this Instrument is my Last Will and Testament directing the disposition and distribution of the proceeds and sale of said apartment and it's [sic] contents if I shall continue to be the owner thereof at the time of my death.

\* \* \*

THIRD

I designate as my residuary beneficiaries Monmouth College, of Monmouth, Illinois 61462; and the University of Michigan of Ann Arbor, Michigan 48103 who shall share equally in the residue of the estate after all expenses and deductions."

The will contained only a preamble and four clauses. The three paragraphs not quoted above directed testator's personal representative to sell the Florida apartment and its contents, directed that the proceeds from the sale should be used to pay her debts and other specified ex-

penses, and appointed testator's personal representative.

At the time of her death, testator owned real and personal property in both Florida and Illinois. The trial court found that petitioners Ralph W. Cummings, Clayton S. Cummings, and Mary M. Delatour were testator's heirs. The will was admitted to probate in Illinois and the administrator construed the will as devising testator's entire estate to respondents, the University of Michigan and Monmouth College, through the residuary clause.

Petitioners filed a complaint to construe the will alleging that the will merely devised the proceeds from the sale of the Florida property to respondents and that the remaining property in Illinois should pass to petitioners as intestate property. Both respondents answered the complaint, denying that petitioners were entitled to a construction allowing for partial intestacy.

Subsequently, the trial court granted respondents' motion for judgment on the pleadings, finding that when the will was construed as a whole, the language was unambiguous and testator did not limit the residuary legatees to the proceeds from the sale of the Florida property. Because the trial court found the language was not ambiguous, it denied petitioners' request for an evidentiary hearing. Petitioners filed a timely notice of appeal.

OPINION

■ The entry of judgment on the pleadings is proper when after reviewing the pleadings, the issues raised present only questions of law. (*Triangle Sign Co. v. Weber, Cohn & Riley* (1986), 149 Ill. App. 3d 839, 501 N.E.2d 315.) In the present case, the trial court determined the language of the will was unambiguous and the construction could be resolved as a matter of law.

■ The fundamental rule of will construction is to determine the testator's intent from the language of the will. (*Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251.) The question on appeal is whether the trial court's construction of the will gave effect to testator's intent. *King v. Travis* (1988), 170 Ill. App. 3d 1036, 524 N.E.2d 974.

In the present case, the preamble of testator's will specifically states that the will directs the "disposition and distribution" of the Florida apartment and its contents if testator owned the property at her death. Petitioners seize onto this language and argue it limits the property to be distributed under the will to only testator's Florida property. Consequently, petitioners urge that this court find that testator's Illinois property passes to them as intestate property under

the rules of descent and distribution of the Probate Act of 1975. See Ill. Rev. Stat. 1985, ch. 110½, par. 2—1.

On the other hand, the third clause of the will designates respondents as "residuary beneficiaries" who will "share equally in the residue of the estate." Respondents cling to this language and argue that the testator's use of those terms, without limitation to the Florida apartment, establishes she intended to devise her entire estate to respondents.

■■ We believe the will is ambiguous due to the conflicting language used in the preamble and the residuary clause. The preamble limits the property to be distributed to only the Florida property, but the third clause devises the residue of her estate to respondents. A general residuary clause is presumed to include all testator's property not otherwise distributed in the will unless there is a contrary intention. (*Hainer v. Rhodes* (1947), 331 Ill. App. 174, 72 N.E.2d 634 (abstract of opinion).) It is unclear, therefore, whether testator intended that her property in Illinois should pass through the will. Accordingly, testator's intent cannot be determined from the language used in the will and the trial court erred when it granted judgment on the pleadings in respondents' favor.

■■ When the language of a will does not clearly establish testator's intent, the court must use rules of construction to determine its meaning. (*Warren-Boynton State Bank v. Wallbaum* (1988), 123 Ill. 2d 429, 528 N.E.2d 640.) It is presumed, especially where a residuary clause is included in the will, that the testator intended to dispose of his entire estate by will rather than by intestacy laws. (*In re Estate of Brach* (1986), 147 Ill. App. 3d 819, 498 N.E.2d 661.) A will is to be liberally interpreted to avoid intestacy unless it is clear that the testator intended to die intestate. (*Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251.) Additionally, it is presumed that the testator did not intend to disinherit heirs unless that intention is made clear either by express words or by necessary implication. *Shea v. Lyons* (1964), 47 Ill. App. 2d 187, 198 N.E.2d 151.

■■ In addition to rules of construction, the court may consider extrinsic evidence of a testator's intent to resolve an ambiguity in a will. (*Larison v. Record* (1987), 117 Ill. 2d 444, 512 N.E.2d 1251.) The trial court denied petitioners' request for an evidentiary hearing because it did not find the will was ambiguous. We are reluctant to apply the above-mentioned presumptions to resolve the ambiguity when the parties have not been given an opportunity to present evidence of testator's intent. (See *In re Estate of Gibson* (1974), 19 Ill. App. 3d 550, 312 N.E.2d 1.) Accordingly, we reverse the judgment of the trial

court and remand with directions for the trial court to consider extrinsic evidence, if any, of testator's intent.

Reversed and remanded with directions.

MURRAY, P.J., and COCCIA, J., concur.