STANLEY V. NOLL, Plaintiff-Appellant, v. BARBARA J. GARBER, as Ex'r of the Estate of Rosa E. McCoy, Deceased, and as Independent Ex'r of the Estate of Arthur L. Garber, Deceased, *et al.*, Defendants-Appellees.

Third District    No. 3—02—0096

Opinion filed January 29, 2003.

Steven B. Morgan (argued), of Perbix & Morgan, of Havana, for appellant.

Joseph B. VanFleet (argued), of Law Office of Joseph B. VanFleet, L.L.C., of Peoria, for appellees.

PRESIDING JUSTICE McDADE delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Peoria County dismissing a complaint for construction of a will and thereby finding in favor of Barbara J. Garber and other defendants. Plaintiff, Stanley V. Noll, now appeals. On appeal, plaintiff maintains the court erred in failing to recognize that the word "heirs" is a word of limitation denoting the quality of the estate granted rather than construing it as creating a class gift. Because we find dismissal on the pleadings is inappropriate in this case, we reverse and remand with directions.

## FACTS

Rosa E. McCoy died testate on December 11, 1997. When McCoy died, she owned certain tracts of real estate in Washburn, Illinois. In her will, McCoy bequeathed the said property to Arthur L. Garber "and his heirs." The relevant will provisions state:

> "*THIRD:* I will, bequeath and devise the following tracts of real estate to ARTHUR L. GARBER, Route #2, Washburn, Illinois, and his heirs, absolutely and in fee, namely:
> \*\*\*
>
> *FOURTH:* All of the rest, residue and remainder of my estate, whether real, personal or mixed, and whether now owned or hereafter acquired, I will, bequeath and devise to ARTHUR L. GARBER, and his heirs, absolutely and in fee."

At the end of paragraph two of the will, which contained several small specific bequests, testator stated the following:

> "In the event any of the above legatees should predecease me, his or her legacy will lapse, and the amount he or she would have received if living, shall be divided equally among the remaining above legatees living at my death."

This lapse provision did not appear elsewhere in McCoy's will. McCoy subsequently executed two codicils which did not modify the above dispositive terms of the original will. Garber, who was not a descendant of McCoy, predeceased McCoy in 1996.

On September 22, 2000, Stanley Noll, a legal heir of McCoy, but nowhere a named beneficiary, filed a complaint for construction of the will. In his complaint, plaintiff alleged that the word "heirs" was used as a word of limitation denoting the quality of the estate granted and that the devise to Garber should lapse. Plaintiff named as defendants Barbara Garber, the executor of McCoy's estate and the independent

executor of Garber's estate, and other persons who might or could be interested in a proper construction of the will. On November 7, 2001, defendants filed a dismissal motion pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)), arguing that the testator intended "to pass all of the property that she owned to Garber and his heirs" as a class gift.

The trial court granted dismissal. In a written order, the court noted that "the testator understood the concept of a devise lapsing with the death of a legatee and how to make a provision for that devise on that occurrence, if [she] desired that the devise lapse upon death. *** [She] did not provide for the lapsing of the devises to Mr. Garber and his heirs. And in not so providing, [she] established [her] clear intent for the gifts not to lapse."

Plaintiff appeals from this order.

## ANALYSIS

■ A cause of action will not be dismissed on the pleadings unless it clearly appears that the plaintiff cannot prove any set of facts that will entitle it to relief. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 712 N.E.2d 330 (1999); 735 ILCS 5/2—619 (West 1996). If a cause of action is dismissed pursuant to a motion to dismiss on the pleadings, questions on appeal are whether a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 687 N.E.2d 1042 (1997). A reviewing court exercises *de novo* review of orders granting motions to dismiss. *Zurich Insurance Co. v. Amcast Industrial Corp.*, 318 Ill. App. 3d 330, 742 N.E.2d 337 (2000).

The principal issue in this case is whether the words "to ARTHUR L. GARBER, and his heirs, absolutely and in fee," viewed within the four corners of the will, create an ambiguity which requires construction of the will. Plaintiff argues that the word "heirs" was used as a word of limitation denoting the quality of the estate granted and the devise to Garber should lapse. Defendants contend that there is no ambiguity in the will and McCoy clearly intended the devise to Arthur Garber and his heirs be a class gift.

■ It has been long held that the word "heirs" in a will does not necessarily have a fixed meaning. *Peacock v. McCluskey*, 296 Ill. 87, 129 N.E. 561 (1920). The word "heirs" in its primary meaning designates the person appointed by law to succeed to the estate in case of intestacy. *Himmel v. Himmel*, 294 Ill. 557, 128 N.E. 641 (1920). In situations "[w]here a devise is made to a person and his heirs or his heirs and assigns, the word 'heirs' is a word of limitation unless su-

peradded words make it a word of purchase." *Pool v. Pool*, 300 Ill. 557, 562, 133 N.E. 273 (1921).

■ This rule was clearly explained in *Winter v. Dibble*, 251 Ill. 200, 95 N.E. 1093 (1911), where the Illinois Supreme Court said:

> "The ordinary form of a conveyance of a fee at common law was to the grantee and his heirs. A conveyance to the grantee alone gave a life estate, only. The added words, 'and his heirs,' indicated a fee simple. The word 'heirs' was not used to describe the persons who were to take the estate after the grantee's death, but the quality of the estate granted, which was a fee. The estate granted was not different if given to the grantee for life with remainder to his heirs. The addition to the ordinary formula for granting a fee, of the words 'for life,' was regarded merely as an effort to restrict the grantee's enjoyment of the fee granted to him by restraining his power of alienation, and the law would not permit this to be done. The word 'heirs' had[,] therefore, long before Shelley's Case arose, been regarded as a word descriptive of the estate and not of the person, and the rule called by Shelley's name was merely the announcement of a legal principle which had then been applied by the courts for more than two hundred years." (Emphasis omitted.) *Dibble*, 251 Ill. at 221.

We also find it useful to refer to the analysis found in *Pool v. Pool*, 300 Ill. 557, 133 N.E. 273 (1921). In *Pool*, the Supreme Court of Illinois held that the phrase " 'to my brother, Henry Pool, and to his heirs and assigns forever' " (*Pool*, 300 Ill. at 559) are not words of substitution but designate that the testator intended to bequeath to his brother, if living, a remainder in fee simple. The court explained: "The usual form of creating a grant or devise of a fee at common law was by giving the property to the grantee or devisee and his heirs. In such case the word 'heirs' is a word of limitation and the fee vests in the grantee or devisee." *Pool*, 300 Ill. at 562.

As defendants point out, it is true that in some cases the word "heirs" is not used in its technical sense. In finding that the testator clearly intended the devise to be a class gift, the trial court relied on the case of *Harris Trust & Savings Bank v. Beach*, 118 Ill. 2d 1, 513 N.E.2d 833 (1987). The *Beach* case involved the construction of the terms of a trust which conveyed a life estate interest in certain *stocks* and left the remainder to be divided among the heirs of the settlor. The disputed trust provision stated that the trust was to be divided between the testator's "heirs ***, share and share alike." *Beach*, 118 Ill. 2d at 5. The supreme court held that unless a clear presumption as to the contrary exists, when gifts are made to a class of beneficiaries who stand in unequal degrees of relationship to the testator, then the law presumes a *per stirpes* distribution was intended. *Beach*, 118 Ill.

2d at 21-22. The court also noted that the word "heirs" refers to "those persons appointed by the law to inherit an estate in case of intestacy." *Beach*, 118 Ill. 2d at 10. Our case is factually distinguishable. Here, McCoy expressly bequeathed the tract of *real estate* to Garber in fee simple. Defendants do not claim the bequest created any life estate or remainder interest.

However, we also acknowledge that the testator is presumed to have known the law in force when the will was drafted. *In re Estate of Hughlett*, 113 Ill. App. 3d 910, 913, 446 N.E.2d 887 (1983). The testator is also presumed to know that if any devise in a will does lapse, the property becomes intestate property and all heirs of the testator take. In the instant case, Garber predeceased McCoy. Assuming her knowledge of the law of intestacy, McCoy's failure to modify the will after Garber's death or to employ a lapse provision after her bequest to Garber and his heirs may be, as the trial court aptly points out, highly probative, although not dispositive, of her intent.

In light of the foregoing discussion, we find that the will is ambiguous due to the conflict created by the absence of a lapse provision after the devise to Garber. It is unclear, therefore, whether McCoy intended to pass her said property to Garber's heirs as a class gift when Garber predeceased her. Consequently, McCoy's intent cannot be determined from the language used in the will. We, therefore, believe the trial court erred when it granted defendants' motion to dismiss.

The fundamental tenet of will construction is to give effect to the intent of the testator. *Beach*, 118 Ill. 2d at 3. A court determines such intention from the terms of the instrument, by giving words employed their plain and ordinary meaning. *Harris Trust & Savings Bank v. Donovan*, 145 Ill. 2d 166, 582 N.E.2d 120 (1991). When, however, the face of the instrument fails to make the testator's intention clear, courts often resort to rules of construction to determine the meaning of the terms used in the document. *Beach*, 118 Ill. 2d at 4, citing *Hull v. Adams*, 399 Ill. 347, 352, 77 N.E.2d 706 (1948). In addition to rules of construction, the court may consider extrinsic evidence of a testator's intent to resolve an ambiguity in a will. *Larison v. Record*, 117 Ill. 2d 444, 512 N.E.2d 1251 (1987). We are reluctant to apply the previously discussed presumptions regarding the usual use of the term "and his heirs" here to resolve the ambiguity when the parties have not been given an opportunity to present evidence of testator's intent. *In re Estate of Shaw*, 182 Ill. App. 3d 847, 538 N.E.2d 643 (1989).

930

## CONCLUSION

Accordingly, we reverse the judgment of the trial court and remand with directions for the trial court to consider extrinsic evidence, if any, of the testator's intent.

Reversed and remanded.

HOLDRIDGE and SLATER, JJ., concur.